UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MATTHEW ROE,<br><br>                             Petitioner,<br>      v.<br>UNKNOWN,<br><br>                             Respondent. | Civil No.    10-2443 LAB (POR)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

**VENUE**

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at California State

1  Prison, located in Los Angeles County, which is within the jurisdictional boundaries of the
2  United States District Court for the Central District of California, Western Division. *See*
3  28 U.S.C. § 84(c)(2). Petitioner does not specify where his state court conviction occurred.
4  Thus, it is currently unclear whether this Court has jurisdiction in this matter. Petitioner must
5  tell the Court where he suffered the conviction which he seeks to challenge in this matter.

## **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

7  In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition
8  "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the
9  petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058
10 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner
11 made conclusory allegations instead of factual allegations showing that he was entitled to relief).
12 Here, Petitioner has violated Rule 2(c). Although Petitioner does not fail to state generalized
13 constitutional grounds for relief, he does fails to provide specific factual allegations in support
14 of such grounds.

15  While courts should liberally interpret pro se pleadings with leniency and understanding,
16 this should not place on the reviewing court the entire onus of ferreting out grounds for relief.
17 *Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001). The Court finds that the Petition
18 contains conclusory allegations without any specific facts in support of relief. A federal court
19 may not entertain a petition that contains allegations which are conclusory.

20  This Court would have to engage in a tenuous analysis in order to attempt to identify and
21 make sense of the Petition. In order to satisfy Rule 2(c), Petitioner must point to a "real
22 possibility of constitutional error*." Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)
23 (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail
24 to enable the Court to determine, from the face of the petition, whether further habeas corpus
25 review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the
26 allegations should be sufficiently specific to permit the respondent to assert appropriate
27 objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the
28 lack of grounds for relief in the Petition prevents the Respondent from being able to assert

1 | appropriate objections and defenses.

2 | Due to Petitioner's unsatisfactory showing, the Court dismisses the action without
3 | prejudice. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly*
4 | state all grounds for relief using the First Amended Petition form sent to Petitioner with this
5 | order.

### FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

//
//

1  Here, Petitioner has not named a Respondent. In order for this Court to entertain the
2  Petition filed in this action, Petitioner must name the warden in charge of the state correctional
3  facility in which Petitioner is presently confined or the Director of the California Department of
4  Corrections. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

5 **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

6  Further, habeas petitioners who wish to challenge either their state court conviction or the
7  length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.
8  § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial
9  remedies, a California state prisoner must present the California Supreme Court with a fair
10 opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28
11 U.S.C. § 2254(b), (c); *Granberry,* 481 U.S. at 133-34. Moreover, to properly exhaust state court
12 remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights
13 have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:
14 "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal
15 rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>
16 <u>United States Constitution</u>." Id. at 365-66 (emphasis added). For example, "[i]f a habeas
17 petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the
18 <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only
19 in federal court, but in state court." Id. at 366 (emphasis added).

20 Nowhere on the Petition does Petitioner allege that he raised his claims in the California
21 Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so
22 specify. "The burden of proving that a claim has been exhausted lies with the petitioner."
23 *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619
24 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*,
25 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).
26 //
27 //
28 //

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

//

//

### FAILURE TO USE PROPER FORM

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

### CONCLUSION

Based on the foregoing, the Court **DISMISSES** the petition for Petitioner's failure to either pay the $5 filing fee or move to proceed in forma pauperis, demonstrate venue is proper in this Court, state cognizable claims for relief, name a proper respondent, allege exhaustion of state judicial remedies, and use a court-approved form. If Petitioner wishes to proceed with this case, he must submit, **no later than April 5, 2011,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee **AND** a First Amended Petition which cures the pleading deficiencies noted above. ***The Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma Pauperis Application and a blank First Amended Petition form along with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: February 3, 2011

*[signature: Larry A. Burns]*

HONORABLE LARRY ALAN BURNS
United States District Judge